IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| HILARIO LOYA, Jr., § <br> Plaintiff, § <br> v. § <br> § <br> § <br> NANCY A. BERRYHILL, § <br> Acting Commissioner of the Social Security § <br> Administration[1], § <br> Defendant. § | NO. EP-18-CV-00128-RFC |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, and the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. For the reasons set forth below, this Court orders that the Commissioner's decision be **AFFIRMED**.

## PROCEDURAL HISTORY

On February 4, 2016, Plaintiff filed applications for DIB and SSI, alleging a disability onset

---

[1] On March 6, 2018, the Government Accountability Office determined that Nancy Berryhill's continued service as Acting Commissioner of Social Security violated the Federal Vacancies Reform Act of 1998. GOVERNMENT ACCOUNTABILITY OFFICE, *Violation of the Time Limit Imposed by the Federal Vacancies Reform Act of 1998 - Commissioner, Social Security Administration* (2018), https://www.gao.gov/assets/700.69502.pdf. Accordingly, this position is now vacant.

date of November 25, 2015. (R:204, 206)[2] His applications were denied initially and on reconsideration. (R:25) Plaintiff filed a request for a hearing, which was conducted on April 1, 2017. (R:44-64) The Administrative Law Judge ("ALJ") issued a decision on July 25, 2017, denying benefits. (R:25-34) The Appeals Council denied review. (R:1-8)

## ISSUE

Plaintiff presents the following issue for review:

1. Whether the ALJ's residual functional capacity ("RFC") finding is supported by substantial evidence.

(Doc.17:2)

Plaintiff contends that the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to consider all the evidence of record. (Doc.17:3, 4) Specifically, Plaintiff argues that the ALJ failed to accommodate all the physical restrictions supported by the record that would render him unable to perform his past relevant work and be considered disabled pursuant to the Medical-Vocational Guidelines ("GRIDS"). (Doc.17:4) Consequently, Plaintiff seeks a reversal and remand for an award of benefits or for further administrative proceedings. (Doc.17:6-7) Defendant responds that the ALJ used the proper legal standards and that substantial evidence supports the ALJ's findings and conclusions. (Doc.18:9-10)

## DISCUSSION

### *I. Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's decision

---

[2]Reference to court documents filed in this case is designated by "(Doc.[docket entry number(s)]:[page number(s)])." Reference to the record of the administrative proceedings is designated by "(R.[page number(s)]).

is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id.* A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id.*; *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

## *II. Evaluation Process*

The ALJ evaluates disability claims according to a sequential five-step process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment(s); (3) whether the claimant's impairment(s) meet(s) or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; (4) whether the impairment(s) prevents the claimant from performing past relevant work; and (5) whether the impairment(s) prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). Once met, the burden will then shift to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of

performing. *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989). If the Commissioner meets this burden, the burden then shifts back to the claimant to show that he cannot perform this alternative work. (*Id.*) In the present case, the ALJ found that Plaintiff had severe impairments of: bilateral rotator cuff syndrome, type II diabetes mellitus, obstructive sleep apnea, enlarged prostate, and obesity. (R:27) The ALJ determined that none of Plaintiff's impairments, either alone or in combination, met or medically equaled the listed impairments. (R:28) After considering the entire record, he determined that Plaintiff retained the RFC to perform the full range of light work,[3] including lifting and carrying 20 pounds occasionally and 10 pounds frequently and standing and walking at least 6 hours in an 8 hour workday. (R:29) The ALJ determined that Plaintiff retained the capacity to perform his past relevant work as a sewing machine operator. (R:33) Consequently, he found that Plaintiff was not disabled from November 25, 2015, through the date of his decision, i.e., July 25, 2017. (*Id.*)

### *III. The ALJ's Determination of Plaintiff's Residual Functional Capacity*

RFC is the most an individual can still do despite his limitations. 20 C.F.R. § 404.1545; SSR 96-8p. The responsibility to determine the Plaintiff's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The ALJ is not required to incorporate

---

[3]The SSA regulations define light work in the following way: "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

4

limitations in the RFC that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

In reviewing a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education and work history. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995).

It is Plaintiff's burden to establish disability and to provide or identify medical and other evidence of his impairments. *See* 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512(a). A medically determinable impairment must be established by acceptable medical sources. 20 C.F.R. § 404.1513(a). Plaintiff's own subjective complaints, without objective medical evidence of record, are insufficient to establish disability. *See* 20 C.F.R. § 404.1529.

Plaintiff argues that substantial evidence does not support the ALJ's RFC assessment for a full range of light work because his diabetes and bilateral rotator cuff syndrome cause significant limitations to his upper extremity use, restricting his ability to lift, carry, reach, handle, finger and grasp things, thus rendering him incapable of performing his past work as a sewing machine operator. (Doc.17:4-6) In support of his argument, Plaintiff references numerous medical records along with medical opinion evidence of record, including: (1) July 2015 and December 2017 Magnetic Resonance Imaging ("MRI") results showing issues with Plaintiff's shoulders; (2) an April 9, 2016, consultative examination by Dr. Juan Castro Combs; and (3) numerous treatment records from different sources from 2015 through 2017, including many from Jorge Guzman, M.D., and Jose

Gonzalez, M.D. (Doc.17:4-5)

As an initial matter, the Court notes that the ALJ considered all of the aforementioned medical evidence. (R:29-33) Although he did not discuss the MRIs, the ALJ makes it clear that he did consider the entire record. (R:29) The Court does note that both MRIs took place outside the disability period. (R:33) Moreover, none of the medical findings stemming from this enumerated evidence negate the fact that substantial evidence supports the ALJ's determination that Plaintiff had the RFC to perform a full range of light work. Mere recitations of Plaintiff's claims about his physical limitations are insufficient to establish that the ALJ erred in his RFC determination. The Court can only conclude that Plaintiff is requesting that the evidence be reweighed, a course of action which is not permitted. The Fifth Circuit has consistently held that the Secretary, not the courts, has the duty to weigh the evidence and resolve material conflicts in the evidence. *Chaparro v. Bowen*, 815 F.2d 1008, 1011 (5th Cir. 1987).

In arriving at Plaintiff's RFC, the ALJ properly considered the medical opinions from the non-examining state agency physicians. Both physicians limited Plaintiff to a reduced range of light work, which included a limitation to occasional overhead reaching. (R:71, 96) The ALJ gave both physicians' opinions some weight but determined that updated treatment notes from Dr. Guzman and Dr. Gonzales supported increasing the RFC to a full range of light work. (R:32)The ALJ noted that although the treatment notes reflected Plaintiff's continuing struggles with diabetes, obesity, and his shoulders, the vast majority of the notes reflected "generally normal physical examination findings. (R:32) The Court has reviewed these treatment notes and determines that the ALJ's conclusion is justified. The Court notes that the vast majority of the treatment notes from 2015 through 2017 showed normal musculoskeletal, extremity, and neurological findings. Nor do Dr.

Guzman and Dr. Gonzales point out any functional limitations in their treatment notes which would result from Plaintiff's diabetes, obesity, and shoulder impairments. As the Fifth Circuit has made clear, the mere presence of an impairment is not disabling per se. *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983). Treatment notes fail to sustain Plaintiff's claim of reaching and manipulative limitations, at least in terms of his alleged inability to perform his past relevant work as a sewing machine operator. The Court finds that substantial evidence supports the ALJ's conclusions. *See Dellolio v. Heckler*, 705 F.2d 123, 125 (5th Cir. 1983)(to find no substantial evidence there must be no contrary medical evidence).

The ALJ gave little weight to the conclusions arrived at by Dr. Juan Castro Combs after an April 9, 2016, consultative examination. (R:32) Dr. Combs concluded, *inter alia*, that Plaintiff: (1) was unable to lift, carry, and handle light objects; (2) had moderate limitations with standing, moderate to severe limitations with walking, and moderate to severe limitations with lifting and carrying weight due to pneumonia, obesity, osteoarthritis, and neuropathy; and (3) had occasional manipulative limitations due to diabetic neuropathy and bilateral shoulder pain. (R:438-40)

The ALJ gave little weight to Dr. Combs' opinion regarding Plaintiff's limitations because such limitations were not consistent with other evidence of record. (R:32) A review of the record shows that Dr. Comb's conclusions conflicted with the opinions of the state agency physicians and also with treatment notes made by other physicians throughout the alleged period of disability. The ALJ is free to assign little or no weight to the opinion of any physician for good cause. *Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000). Good cause exists where statements are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence. *Perez v. Barnhart*, 415 F.3d 457, 465-66 (5th Cir. 2005).

The ALJ acted properly in assigning little weight to Dr. Combs' opinion.

Furthermore, the ALJ found that Plaintiff worked from 2011 through November 25, 2015, with the same shoulder and diabetes impairments he now claims disable him. (R:30) *See Fraga v. Bowen*, 810 F.2d 1296, 1305 & n. 11 (5th Cir. 1987) (ability to work despite pre-existing condition supports ALJ's finding of not disabled). During those years, he worked as a sewing machine operator and later a gluer, both jobs requiring constant hand use, and as a janitor, a job requiring frequent hand use. (R:30, 62-63) In addition, the ALJ noted that Plaintiff did not follow a diabetic diet or get regular exercise, even though Dr. Gonzalez had counseled him on how his weight affected his health. (R:31) *See* 20 C.F.R. § 404.1530(a)(b) (failure to follow prescribed treatment may render disability in fact nondisability in law). The foregoing provides further support for the ALJ's nondisability determination.

Finally, other evidence supports the ALJ's decision as well. Plaintiff testified that he had no difficulty sitting. (R:55) Even though the job of sewing machine operator requires constant hand use, the vocational expert ("VE") testified that the position is one where the employee is seated and requires very little lifting–it entails the guiding of cloth through the machine. It is considered to be a light position due to the use of foot controls to operate the sewing machine. (R:61-62) Dr. Combs had determined that Plaintiff had a full range of motion in his wrists, near full range of motion of the hands, and his hand-eye coordination was good. He also had near full muscle strength of his hands and wrists at 4/5. (R:437-39) The value of a VE is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed. *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995).

The Court is mindful of the fact that the record contains abundant evidence which could have

allowed the ALJ to find much more severe limitations. Nevertheless, the relevant question before the Court is whether the ALJ's decision is supported by substantial evidence, not whether the record contains evidence to support more severe limitations. *See Navarro v. Colvin*, No. A-12-CV-040-LY-AWA, 2013 WL 1704795, at *3 (W.D. Tex. Apr. 19, 2013) (citing *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997)). Once gain, the determination of whether there is substantial evidence to support the factual findings of the Commissioner does not involve reweighing the evidence or trying the issues *de novo*. *Newton*, 209 F.3d at 452. Conflicts in the evidence are for the Commissioner and not for this Court to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

Review of the entire record and medical evidence supports the ALJ's findings and RFC determination. Plaintiff's subjective complaints are insufficient to support his claims of disability. Consequently, the Court finds that substantial evidence supports the ALJ's RFC determination.

## **CONCLUSION**

Based on the foregoing, the Court hereby **ORDERS** that the decision of the Commissioner be **AFFIRMED** consistent with this opinion.

**SIGNED** and **ENTERED** on November 5, 2018.

ROBERT F. CASTANEDA
United States Magistrate Judge